UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERINZON MORONTA,

                       Petitioner,

     -against-

JOHN RICH, SUPERINTENDENT OF ELMIRA
CORRECTIONAL FACILITY,

                       Respondent.

21-cv-04249 (NSR)(JCM)

ORDER AND OPINION

**NELSON S. ROMÁN**, United States District Judge:

Petitioner Berinzon Moronta, ("Petitioner" or "Moronta"), an inmate at Elmira Correctional Facility, ("ECF") commenced this proceeding, pursuant to 28 U.S.C. § 2254), against Respondent John Rich ("Respondent" or "Rich"), the Superintendent of ECF wherein Petitioner is housed, challenging his state court conviction following a guilty plea to First Degree Manslaughter, N.Y.S. Penal § 125.20(1). (ECF No. 1.) Respondent opposed the petition. (ECF No. 15.) The matter was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") pursuant to Federal Rules of Civil Procedure §72(b)(1) to issue a report and recommendation ("R&R"). (ECF No. 12.) Now before the Court is MJ McCarthy's R&R, recommending that the petition be DENIED. (ECF No. 29.) For the following reasons, the Court adopts MJ McCarthy's R&R in its entirety and the petition is DENIED.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the trial transcripts and R&R, which this Court adopts.

On October 9, 2015, at approximately 11:12 p.m., Petitioner, then sixteen years old, while in the vicinity of Barnhart Park in Sleepy Hollow, N.Y., repeatedly stabbed fourteen year old Tajh Robinson resulting in his death. After the stabbing, Petitioner fled to a friend's apartment in Yonkers, N.Y., where he

washed the knife with bleach and attempted to hide it. The knife was recovered by law enforcement the next day.

Petitioner was originally indicted and charged in New York State Supreme Court, Westchester County, for second-degree murder, N.Y.S. Penal Law § 125.25(1); fourth-degree criminal possession of a weapon, N.Y.S. Penal Law § 265.01(2); and tampering with physical evidence, N.Y.S. Penal Law § 215.20(2). On July 29, 2016, pursuant to a plea agreement, Petitioner plead guilty to a reduced charge of first-degree manslaughter, N.Y.S. Penal Law § 125.20(1)265.01(2). In exchange for the plea to the reduced charge, the government agreed to a sentence of twenty years incarceration, to be followed by five years of post-release supervision. The plea was further conditioned on a waiver of Petitioner's appellate rights to the extent permitted by law and his non-receipt of youthful offender treatment. On September 14, 2016, Petitioner was sentenced, as agreed upon, to twenty years of incarceration to be followed by five years of post-release supervision. At sentencing, Petitioner's counsel did not seek youthful offender treatment.

On September 18, 2017, Petitioner moved, pursuant to N.Y. Crim. Proc. Law § 440.20, before the sentencing court to set aside the sentence as unauthorized, illegally imposed or otherwise invalid as a matter of law. Petitioner contended, *inter alia*, that the sentencing court failed to consider youthful offender status and provided no basis failing to award it. Petitioner further argued that the sentencing court's failures deprived Petitioner of his right to due process.  Although it initially opposed the motion, the government conceded that the sentence was legally impermissible requiring that it be vacated. [1]

On February 28, 2018, Petitioner appeared before the trial court with his appellate counsel for re-sentencing.  The court acknowledged its obligation to memorialize on the record it's reasoning for the granting or denying of youthful offender treatment status. The court invited the government and defense counsel to provide oral argument on the propriety of youthful offender status. The government advocated

---

[1] Petitioner appealed to the intermediate appellate state court seeking to vacate his sentence as impermissible. In response to the appeal, the government conceded that the sentence was unauthorized and required vacatur.

2

for the denial of youthful offender status. In particular, the government noted that the crime was pre-planned, noted the severity and number of wounds inflicted upon the victim. When appellate counsel was asked by the court to provide a basis in favor of youthful offender status, counsel proffered none. Instead, counsel, *inter alia*, indicated that he was not in a position to respond since he was not trial counsel, that trial counsel may want to consider filing a motion in the future, and requested an adjournment to permit Petitioner an opportunity to submit additional letters. After denying counsel's application for an adjournment, the court proceeded to sentence Petitioner to twenty-years of incarceration and five-years of post-release supervision. In denying Petitioner youthful offender status, the court noted that the victim was unarmed at the time of the incident, the number of wounds inflicted upon the victim,  and the plea agreement which allowed the Petitioner to plea guilty to the reduced crime of manslaughter. [2]

Petitioner appealed his judgment of conviction to the state intermediate appellate court, which rendered the appeal academic in light of trial court's vacatur of Petitioner's sentence and subsequent resentence. *People v. Moronta*, 77 N.Y.S.3d 304 (2nd Dept. 2018).  Petitioner sought leave to appeal to the N.Y.S Court of Appeals, which was denied. *People v. Moronta* 32 N.Y.3d 1066 (2018).

Following his re-sentence, Petitioner filed a subsequent appeal which was denied. *People v. Moronta*, 178 A.D.3d 955 (N.Y. App. Div. 2019). The appellate court held that Petitioner's valid waiver of his right to appeal precluded appellate review of his contention that the sentencing court improvidently exercised its discretion in declining to grant him youthful offender treatment. *Id.*  Petitioner once again sought leave to appeal to the N.Y.S Court of Appeals and was likewise denied. *People v. Moronta*, 34 N.Y.3d 1161 (2020). Petitioner, thereafter, timely filed the instant petition.

---

[2] The trial court issued a written order vacating the Petitioner's original sentence and detailing the basis for not granting youthful offender status.

## STANDARDS OF REVIEW

### Habeas Petition

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also *Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### Report and Recommendation

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. §72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. § 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a

magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R&R. Thus, the Court reviews the R&R for clear error. Upon a careful review of MJ McCarthy's comprehensive and well-reasoned R&R, the Court finds no clear error.

In his petition, Petitioner attempted to raise multiple grounds of ineffective assistance of counsel and argued that that trial court's re-sentencing hearing was invalid because it "failed to truly consider the applicable factors for youthful offender consideration." As more particularized in MJ McCarthy's R&R, Petitioner's ineffective assistance claims lack merit. Petitioner failed to demonstrate that counsel's performance fell below "an objective standard of  reasonable." *See, Strickland v. Washington*, 466 U.S.

668, 688 (1984). Similarly, Petitioner's youthful offender contentions were meritless. Typically, with few exceptions, sentencing courts have wide discretion. *United States ex rel. Frasier v. Casscles*, 531 F.2d 645, 647 (2d Cir. 1976). Whether to grant or deny of youthful offender status is left to the sound discretion of the sentencing court. *See*, N.Y. Crim. Pro. Law § 720.20 (1)(a); *People v. Soule*, 162 A.D.3d 1407 (3rd Dept. 2018); *People v. Malave*, 179 A.D.2d 419, 419 (1st Dept. 1992).  As is relevant for habeas review, "[o]nce it is determined that the [state] judge" evaluating youthful offender treatment "has exercised his discretion within statutory limits, appellate review is at an end." See Casscles, 531 F.2d at 647 (internal citations omitted). Here the state appellate courts determined that the sentencing court did not abuse its discretion. Moreover, this court's own review of the record demonstrates that the sentencing court did not abuse its discretion. Accordingly, the petition must be denied.

## CONCLUSION

Based on the foregoing, the Court adopts the R&R in its entirety. Petitioner's petition is DENIED. The Clerk of the Court is respectfully directed to enter judgment in favor of the Respondent and to terminate the case.

Dated: March 8, 2023  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN, U.S.D.J.